UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BETHANY WHITE, | : | CIVIL ACTION NO: |
| | : | 3:23-cv-00299-SVN |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BIG Y FOODS, INC., | : | |
| Defendant | : | APRIL 25, 2023 |
| | : | |

### AMENDED RULE 26(F) REPORT OF PARTIES' PLANNING MEETING

The parties in the above-referenced matter hereby submit the following Rule 26(f) pretrial plan for approval by the Court, and jointly propose the following management plan:

Date Complaint Filed:          **February 10, 2023**

Date of Defendant's Appearance:          **March 6, 2023**

Pursuant to the Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, the parties conferred and exchanged drafts of the report. The participants were: Matthew D. Paradisi as attorney for Plaintiff, Bethany White ("Plaintiff"), and Joseph Fazzino as attorney for Defendant, Big Y Foods, Inc. ("Defendant").

I.        Certification: Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy to their clients.

II.     Jurisdiction

   A.     Subject Matter Jurisdiction:   This Court has original jurisdiction under the

provision of 28 U.S.C. § 1332, diversity jurisdiction.

   B.     Personal Jurisdiction:  Personal jurisdiction is not contested in this matter.

III.    Brief Description of Case

   A.     Claims of Plaintiff:    Plaintiff asserts claims of pregnancy discrimination under

C.G.S. § 46a-60(b)(7) and gender discrimination under C.G.S. § 46a-60(a)(1).

   B.     Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims,

Cross Claims) of Defendant:  Defendant denies all material allegations in Plaintiff's Complaint

and will assert defenses to Plaintiff's claims in its response to the Complaint or to be proven at

trial.  Defendant reserves the right to add additional defenses or other defenses, to delete or

withdraw defenses, and to add other claims as may be necessary after reasonable opportunity for

discovery.

   C.     Defenses and Claims of Third-Party Defendant

          Not applicable.

IV.    Statement of Undisputed Facts:  Counsel certify that they have made a good faith attempt

to determine whether there are any material facts that are not in dispute.  The following material

facts are undisputed:

   A.     During the relevant time period, Plaintiff was employed by Defendant.

   B.     Plaintiff resigned on or about January 12, 2022.

V.     Case Management Plan

   A.     Initial Discovery Protocols

          The parties' Initial Discovery Protocols will be exchanged on **May 24, 2023**.

      B.     <u>Scheduling Conferences</u>

      1.     The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P 16(b).

      2.     The parties prefer that a scheduling conference, if held, be conducted by telephone.

      C.     <u>Early Settlement Conference</u>

      1.     The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

      2.     The parties do not request an early settlement conference.

      3.     The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

      4.     The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

      D.     <u>Joinder of Parties, Amendment of Pleadings, motions Addressed to the Pleadings</u>

      1.     The parties have discussed any perceived defects in the pleadings.

      2.     Plaintiff should be allowed until **May 8, 2023** to file motions to join additional parties and until **May 8, 2023** to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

      3.     Defendant should be allowed until **May 22, 2023** to file motions to join additional parties and until **May 22, 2023** to file a response to any amended complaint. Motions

filed after the foregoing will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

E.    <u>Discovery</u>

Recognizing the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).  At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case."

The parties anticipate that discovery will be needed on the following subjects:

1.    All facts and circumstances pertaining to the Plaintiff's claims and allegations in the Complaint.

2.    All facts and circumstances pertaining to the Defendant's affirmative defenses and specific defenses.

3.    All facts and circumstances pertaining to any other facts alleged in the Complaint, including but not limited to Plaintiff's hiring, performance, attendance, separation from employment and mitigation efforts.

The parties reserve the right to object to discovery requests hereby propounded by the opposing party during the discovery process.

a.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced following the entry of the Court's scheduling order as required by Fed. R. Civ. P. 26(f) and Local Rule 16, and completed (not propounded) by **January 24, 2024**.

b.    Discovery will not be conducted in phases.

c.      The parties anticipate that Plaintiff will require a total of 2-3 depositions of fact witnesses, and that Defendant will require a total of 2-3 depositions of fact witnesses.  The depositions will commence upon entry of this Scheduling order by the Court and will be completed by **January 24, 2024.**

d.      The parties may request permission to serve more than 25 interrogatories.

e.      The parties may call expert witnesses at trial.

f.      Plaintiff will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **August 31, 2023**.  Depositions of such experts will be completed by **January 24, 2024**.

g.      Defendant will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **October 31, 2023**. Depositions of such experts will be completed by **January 24, 2024**.

h.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by **May 24, 2023**.

i.      A post-discovery telephonic status conference will be held on or about **February 7, 2024**.

j.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stores and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information,

the location and format of electronically store information, appropriate steps to preserve electronically stored information, and the allocation of costs assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

      1.     Parties will preserve relevant and responsive ESI and continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of certain non-relevant, non-responsive information.

      2.     Parties will produce ESI that is relevant, responsive, not privileged and reasonably accessible, as defined by Fed. R. Civ. P. 26(b)(2)(B), all subject to the Fed. Civ. P. 26(b)(2)(C) limitations that apply to all discovery.

      3.     ESI responsiveness to discovery requests will be produced in either hard copy or in TIFF format on compact discs or other appropriate storage media, except for spreadsheets which are to be produced electronically, in native file format.

      4.     Any emails to be produced will be produced with the attachments thereto, unless such attachment has been previously produced and is readily identifiable.

      5.     Parties will preserve, but not disclose, metadata concerning any ESI responsive to discovery requests and that metadata will be produced to the requesting party only upon entry of a court order upon good cause showing.

      k.     Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  The parties agree to the following procedures for the preservation, disclosure and management of such information: The parties shall preserve relevant non-electronically stored records.  The parties shall take steps to prevent the destruction of potentially

relevant non-electronically stored information. Unless otherwise agreed to by the parties, all such documents produced in accordance with a discovery request shall be provided in PDF format.

1.     Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production.

2.     The producing party has the burden of retrieving and reviewing relevant, reasonably accessible and responsive ESI for privilege prior to production.

3.     Claims of privilege with regard to ESI shall be asserted in accordance with Fed. R. Civ. P. 26(b)(5) on a log pursuant to D. Conn. L. Civ. R. 37(a)(1).

4.     Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product doctrine protection, including procedures for asserting privilege claims after production. Undersigned counsel have agreed that, in accordance with Fed. R. Civ. P. 26, inadvertent production of privileged material will not be deemed to waive the privilege. The party claiming inadvertent disclosure of privileged documents or attorney work-product shall notify opposing counsel of the inadvertent disclosure with specific identification of the document(s) at issue and the basis for such claim of privilege within thirty (30) days of learning of the disclosure. If a document appears on its face to be subject to attorney-client privilege or to constitute attorney work-product and/or the parties agree as to the privilege or protection, the document and all copies (electronic and paper) shall be returned to the requesting counsel or otherwise agree and certify as to its destruction, and such shall not be used or referred to in any manner in litigation. If counsel cannot agree as to the privilege status or work-product status of

the document, the document at issue shall be segregated from all other materials and submitted to the U.S. Magistrate Judge for in camera inspection and determination.

5.     With respect to withholding information on the basis of privilege or work-product protection, the parties will comply with Fed. R. Civ. P. 26, except that a privilege log need not be produced for the following documents: (a) counsel's notes; and (b) attorney-client communications (including emails) that occurred after the parties retained counsel in connection with the matters alleged in the complaint.  If the parties dispute a claim of privilege, then within thirty (30) days of being informed in writing (or via email) that a dispute still exists (after good faith efforts to resolve that dispute have been reasonably exhausted), the party claiming privilege will file a motion under seal for in camera review.

6.     The parties reserve the right to demand the production of a privilege log in the event that either party demands the return of inadvertently produced privileged materials and the parties reserve their rights  to challenge the assertion of any privileges with respect to any documents or information identified in such a privilege log.

F.     <u>Summary Judgment Motions</u>

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **March 25, 2024**.  Responses to any Summary Judgment motions will be filed on or before **April 24, 2024**.

G.     <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **March 25, 2024**.  If dipositive motions are filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 30 days after the ruling on any dispositive motions.

VI.    Trial Readiness

        If no dispositive motion is filed, the case will be ready for trial **April 24, 2024**.  If dispositive motions are filed, the case will be ready for trial within 30 days after the joint trial memorandum is filed.

        As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**DEFENDANT,**
**BIG Y FOODS, INC.**


By:*/s/ Joseph W. Fazzino*
    James F. Shea (ct16750)
    james.shea@jacksonlewis.com
    Joseph W. Fazzino (ct30878)
    joseph.fazzino@jacksonlewis.com
    Jackson Lewis P.C.
    90 State House Square, 8th Floor
    Hartford, CT 06103
    P: (860) 522-0404
    F: (860) 247-1330


**PLAINTIFF,**
**BETHANY WHITE**


By:*/s/ Matthew D. Paradisi*
    Matthew D. Paradisi (ct29915)
    mparadisi@cicchielloesq.com
    Cicchiello & Cicchiello, LLP
    364 Franklin Avenue
    Hartford, CT 06114
    P: (860) 296-3457
    F: (860) 296-0676

<u>**CERTIFICATION OF SERVICE**</u>

The undersigned hereby certifies that on April 25, 2023 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*/s/ Joseph W. Fazzino*
Joseph W. Fazzino
